[800 NYS2d 30]

In the Matter of ALAN J. TALIUAGA (Admitted as ALAN JOHN TALIUAGA), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 1, 2005

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Louis E. Diamond*, Staten Island, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated April 16, 2002, containing two charges of professional misconduct and the respondent served an undated answer in which he essentially denied the allegations in the petition. A preliminary conference was held on October 7, 2002, and after a hearing held on July 6, 2004, September 14, 2004, and November 16, 2004, the Special Referee sustained both charges. The petitioner now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper, and the respondent submits a response.

Charge One alleged that the respondent converted funds entrusted to him as a fiduciary incident to his practice of law in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and DR 9-102 (a) (22 NYCRR 1200.46 [a]). The respondent represented Judith Copeland in connection with personal injuries she sustained in an accident on May 20, 1998. On or about January 29, 2001, GEICO Insurance Company issued check No. 60831127 for $20,000 payable to "Alan Taliuaga As Attorney and Judith Copeland." Said check was sent to the respondent's law office at 77 Targee Street, Staten Island, New York. Said check was negotiated with the forged signature of Judith Copeland. The respondent failed to pay Ms. Copeland any portion of her settlement proceeds.

Charge Two alleged that the respondent failed to cooperate with an investigation into his professional conduct by the petitioner in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]). On or about May 8, 2001, the petitioner sent a copy of the complaint of Judith Copeland to the respondent with a request for his answer to the complainant's allegations. The respondent failed to submit an answer to Ms. Copeland's complaint. On or about August 29, 2001, the respondent was personally provided with a copy of Ms. Copeland's complaint at the petitioner's office. The respondent assured counsel that a response would be forthcoming. When no response was received by the petitioner, by letter dated November 16, 2001, the petitioner again directed the respondent to submit a written response to the Copeland complaint, along with required bookkeeping records, no later than November 30, 2001. By letter dated November 30, 2001, the respondent requested an additional two weeks to respond to the Copeland complaint and to assemble the requested documents. The respondent submitted neither an answer to the Copeland complaint nor any of the requested documents. The respondent also failed to reply to telephone calls placed by the petitioner's counsel on March 1, 2003, March 8, 2003, and March 21, 2003, seeking his response to the Copeland complaint, along with the requested documents.

The credible evidence adduced and the reasonable inferences to be drawn therefrom support the Special Referee's findings in sustaining the two charges. The petitioner's motion to confirm is granted.

In determining an appropriate measure of discipline, the respondent requests that the Court consider that full restitution was made to the client, and that at the time of the events in question, he was suffering from the effects of alcohol addiction brought on by certain pressures. He has turned his life around by receiving treatment from an alcohol and drug rehabilitation center and he is alcohol-free at the present time.

The petitioner advises of the respondent's prior disciplinary history which includes: (1) a letter of admonition issued November 19, 2004, regarding (a) his failure to reregister with the Office of Court Administration for four registration periods, 1998-1999, 2000-2001, 2002-2003, 2004-2005 and (b) his failure to fulfill his promise to the petitioner made in or about July 2004 that he would bring his registration into compliance by September 2004; (2) a letter of admonition issued November 19,

2004, regarding three complaints from clients alleging that he failed to communicate with them and that he neglected client matters in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]); (3) a letter of admonition issued December 19, 2001, regarding the complaint that the respondent issued a check to an expert, retained on behalf of a client, which was repeatedly dishonored until after the respondent received a copy of the client's complaint about it from the petitioner; (4) a letter of caution issued February 20, 1992, regarding the complaint of a client that she was unable to communicate with the respondent concerning problems in connection with her real estate closing; (5) a letter of caution issued June 19, 1991, regarding a complaint involving the respondent's failure to communicate; and (6) a reprimand issued October 16, 1991, regarding two complaints from clients that (a) the respondent notarized a client' signature on a verification of a bill of particulars that was not signed by the client in the respondent's presence, (b) the respondent notarized a general release purportedly signed by his client although he knew that it was not so signed, and (c) the respondent's neglect of one case in failing to advise the client that a counterclaim was interposed.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of five years.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT, and S. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Alan J. Taliuaga, admitted as Alan John Taliuaga, is suspended from the practice of law for a period of five years, commencing September 6, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Alan J. Taliuaga, admitted as Alan John Taliuaga, shall desist and refrain from (1) practicing law in any form, ei-

ther as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Alan J. Taliuaga, admitted as Alan John Taliuaga, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).